FILED
2011 Jul-26 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JEROME TERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 2:11-cv-1038-JHH-PWG |
| WARDEN HICKS and the ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by an Alabama state prisoner, Jerome Terry (the "petitioner" or "Terry"), who is confined at the Donaldson Correctional Facility in Bessemer, Alabama, serving a life sentence. In his *pro se* petition, Terry challenges the constitutionality of his 1980 conviction for murder in the first degree. (Doc.[1] 1 ("Petition" or "Pet.")). On June 3, 2011, the magistrate judge entered a Report and Recommendation ("R&R") providing that Terry's petition is due be dismissed as barred by the statute of limitations of 28 U.S.C. § 2244(d)(1). (Doc. 9). Since the filing of the R&R, Terry has filed objections thereto (Doc. 12), an "addition" to those objections (Doc. 13), a "Motion to Introduce New Reliable Evidence (Doc. 11), a "Motion to Subpoena" (Doc. 14), a "Motion to Admit Evidence on 'Actual Innocence'/ 'Miscarriage of Justice' Issue" (Doc. 15), a "Motion to Amend" (Doc. 16), and a "Motion for

---

[1]   References to "Doc(s).___" are to the documents as numbered by the clerk of court in the court's record of the case.

Extension of Time" (Doc. 17). In those post-R&R filings, Terry claims that he is eligible for equitable tolling of the limitations period and that it would be a miscarriage of justice not to consider the merits of Terry's admittedly otherwise time-barred claims because he is actually innocent. Upon consideration, the court concludes that the magistrate judge's report is due to be adopted and his recommendation is due to be accepted and that, as a result, Terry's Petition is due is due to be dismissed as untimely.

**I.    BACKGROUND**

On May 2, 1980, Terry was convicted at trial of murder in the first degree in the Circuit Court of Jefferson County, Alabama. (Pet.[2] at 2, ¶¶ 1, 2, 4; *id.* at 16). He was sentenced to life imprisonment. (*Id*. at 2, ¶ 3). He appealed to the Alabama Court of Criminal Appeals, which affirmed on January 20, 1981 in a published opinion. (*Id.* at 2, ¶ 9); *Terry v. State*, 397 So. 2d 217 (Ala. Cr. App. 1981). The Alabama Supreme Court denied certiorari on May 1, 1981. *Ex parte Terry*, 397 So. 2d 223 (Ala. 1981). Terry did not seek review in the Supreme Court of the United States.

On September 24, 2009, Terry filed a petition in the state trial court seeking post-conviction relief pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure*. (Pet. at 16). The state trial court denied Terry's Rule 32 petition, and he appealed to the Alabama Court of Criminal Appeals. (*Id.*) It is unclear from the materials before this court exactly how the Alabama Court of Criminal Appeals disposed of that appeal, although it was not in Terry's favor. It would appear that Terry

---

[2/]   The Petition encompasses both a § 2254 form petition as well as a hand-written brief. Both are filed as a single document, number 1 on the docket sheet. References herein to the "Petition" or "Pet." correspond to the page number within the total 35-page document comprised of the form (pages 1-8) and the brief (pages 9-35).

thereafter filed a petition for a writ of certiorari in the Alabama Supreme Court but that such petition was stricken on December 16, 2010 for failure to comply with Rule 39 of the *Alabama Rules of Appellate Procedure*. (*Id.* at 17).

On March 22, 2011, the clerk of this court docketed Terry's Petition seeking relief pursuant to 28 U.S.C. § 2254. Terry signed the Petition form and dated it as having been "executed" on March 15, 2011. (Pet. at 8, 34). On a "certificate of service," however, Terry states that he has "served a copy of the foregoing via U.S. Mail postage prepaid and properly addressed on this 21st day of March 2011." (*Id.* at 35). In his Petition Terry raises the following claims: ("Ground One") that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure (Pet. at 5, 18-19); ("Ground Two") that his conviction was obtained by the use of evidence gained pursuant to an "unlawful arrest" (*id.* at 5, 19-20); ("Ground Three") that his conviction was obtained in violation of the privilege against self-incrimination (*id.* at 5, 20); ("Ground Four") that the prosecutor was improperly allowed to elicit testimony of "unrelated crimes" that were "not the subject of the indictment" (*id.* at 5, 20-22); and ("Ground Five") ineffective assistance of counsel. (*Id.* at 6, 22-25).

On May 9, 2011, the magistrate judge entered order requiring Terry to show cause why the Petition is not due to be dismissed as time barred because it appeared to have been filed almost fourteen years after the expiration of the one-year limitations period of 28 U.S.C. § 2244(d)(1). (Doc. 6). In that order to show cause, the magistrate judge further noted that Terry was plainly ineligible for statutory tolling under 28 U.S.C. § 2244(d)(2) (Doc. 6 at 4) and that he had neither argued nor pled facts to support equitable tolling of the limitations period (id. at 5) or a claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). (Doc. 6 at 5-7). Terry thereafter filed

3

a timely response to the order to show cause, asserting that his claims are due to be heard on the merits based upon equitable tolling and actual innocence. (Doc. 7). The magistrate judge, however, issued an R&R that analyzed and rejected both of those claims.

## II.     DISCUSSION

### A.     Statute of Limitations

As recognized by the magistrate judge in his R&R, Terry's action is clearly untimely filed under the one-year limitations period of 28 U.S.C. § 2244(d)(1), and he qualifies for neither statutory tolling of the limitations under 28 U.S.C. § 2244(d)(2) nor equitable tolling under *Holland v. Florida*, 130 S. Ct. 2549 (2010). In his initial and "additional" objections to the R&R, Terry continues to assert that he is eligible for equitable tolling based on the fact that he is *pro se* and is uneducated in the law. (Doc. 12 at 1-2; Doc. 13 at 1). Such objection is plainly without merit and is due to be overruled, for the reasons stated in the R&R.

### B.     Actual Innocence

The issue to which Terry devotes most of his attention in his various filings since the entry of the R&R is whether he can make out a claim of actual innocence so as to excuse his untimely filing and allow the court to reach the merits of his substantive claims. While the question does not appear to have been authoritatively decided in this circuit, a district court may be required to consider the merits of claims in a § 2254 petition that would otherwise be time barred where the petitioner establishes that failure to review the claim will result in a "fundamental miscarriage of justice" because the petitioner is "actually innocent." *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011); *see also Melson v. Allen*, 548 F.3d 993, 1001-02 (11th Cir. 2008), vacated and remanded, ___ U.S. ___, 130 S. Ct. 3491 (2010), remanded, 611 F.3d 1380 (11th Cir. 2010) (per curiam);

*Johnson v. Florida DOC*, 513 F.3d 1328, 1333 (11th Cir. 2008).  In order to come within this exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  This standard "is demanding and permits review only in the 'extraordinary' case." *Schlup*, 513 U.S. at 327 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).  " '[T]o be credible' a gateway claim requires 'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324).  The district court then considers "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327-28 (internal quotation marks and further citation omitted)).  "Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 329)).  In order to warrant an evidentiary hearing, a petitioner must make "a threshold showing of actual innocence.  The timing of the submission is relevant, as is the likely credibility of the affiants." *Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004) (citation omitted).

     While Terry urges that he is actually innocent of the murder for which he stands convicted, in none of his filings does he actually present any *evidence*, "new" or otherwise.  Rather, Terry primarily makes assertions himself that witnesses lied on the stand and that the jury was otherwise wrong to convict him on the evidence presented at trial.  Such assertions, however, do not establish actual innocence. *See Schlup*, 513 U.S. at 324 ("To be credible, [an actual innocence] claim requires

5

petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."); *Rich v. Department of Corr.*, 317 Fed. App'x 881, 883 (11th Cir. Sept. 12, 2008) (petitioner's argument that the state's evidence at trial was insufficient to support his conviction did not establish actual innocence).

Terry does make some arguments, however, that reference some evidence that was not presented at trial. First, Terry claims two individuals who were not witnesses at trial would have provided favorable testimony favorable had they been called: a "Mr. Corley," who allegedly would have rebutted testimony that Terry "stalked" another witness who testified against him at trial, and a "Mr. Coleman," who allegedly would have provided Terry with an alibi. (Doc. 12 at 4; Doc. 11 at 1-2). Terry acknowledges, however, that both Corley and Coleman are now dead, so he now asks that he be allowed to subpoena his appointed attorney, who allegedly interviewed Corley and Coleman before trial, to testify about those conversations. (Id. at 4-5; Doc. 14; Doc. 11 at 2). The flaws in such an argument are both multiple and obvious. First, Terry's own self-serving speculation about what another person would supposedly testify to, unsupported by that person's affidavit or declaration, is generally insufficient to warrant habeas relief, never mind to prove actual innocence. *See Melson*, 548 F.3d at 1002-03; *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988); *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001); *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985). Here, we have nothing but a bald assertion by Terry regarding what his attorney supposedly might testify to. Second, even if we had an affidavit from Terry's counsel, any such testimony about what Corely and Coleman supposedly told him, now more than thirty years ago, would be hearsay and would not be sufficiently reliable to show actual innocence. *Cf. Herrera v.*

6

*Collins*, 506 U.S. 390, 417-18 (1993) (hearsay affidavits presented more than eight years after trial, suggesting that the petitioner's now-dead brother committed the murders for which the petitioner was convicted, were "particularly suspect" and failed to establish a freestanding claim of actual innocence). Third, even considering the substance of what Corley and Coleman supposedly would have testified to, such statements fall well short of being sufficiently reliable and compelling to establish it is more likely than not that no reasonable juror would have found Terry guilty beyond a reasonable doubt, as required under *Schlup*.

Also, Terry states in his latest filing, a "Motion for Extension of Time" (Doc. 17), that he is seeking to obtain additional evidence from the Alabama Department of Forensic Sciences ("ADFS"). In particular, he says that on July 12, 2011, he requested from the ADFS a copy of a "ballistics report" that supposedly will show that a gun belonging to Terry obtained by police at a guard station at Terry's place of employment, Stockham Valve and Fitting Company, was not the murder weapon. Such allegations are insufficient to establish actual innocence. Terry has had numerous opportunities, starting with the petition and the initial show cause order directed to him, to present whatever evidence he has of actual innocence. Terry has nonetheless failed to present even one scrap of new evidence. He is not entitled at this point, long after the Magistrate Judge entered his R&R, to have the court wait on him further to provide evidence that he first attempted to acquire less than two weeks ago, which he may or may not ever obtain, and the substance of which may or may not reveal what he says it will. But even assuming for the sake of argument that a ballistics report would show that the gun at issue, which was admitted into evidence, *see Terry v. State*, 397 So. 2d 217, 220-21 (Ala. Crim. App. 1981), was not the murder weapon, such a report would still not be new evidence of actual innocence. For one thing, it would appear that the prosecution's theory was not

7

that the gun at issue was necessarily the murder weapon but was instead one that Terry had displayed to threaten a witness, Janice Robinson, after the murder to keep her quiet. Further, Terry acknowledges that after the gun was admitted at trial, "Ballistics testified that the gun had never been fired. The gun was brand new." (Doc. 13 at 3). Accordingly, according to Terry himself, the evidence supposedly contained in the ballistics report he is presently seeking to acquire was already before the jury. Terry has failed to meet his burden to show actual innocence, and his underlying claims are precluded review as time barred.

### III. CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. Accordingly, the petition for writ of habeas corpus is due to be DISMISSED with prejudice as barred by the statute of limitations. To the extent that Petitioner seeks any form of relief beyond consideration by the court of the arguments and materials submitted in connections with pending motions docketed by the Clerk as Documents 11, 14, 15, 16, and 17, those motions are due to be DENIED. A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 26th day of July, 2011.

_____
JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE